NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRED R. RUIZ,

Plaintiff-Appellant,

v.

ALBERTSON'S WAREHOUSE, a wholly owned subsidiary of Albertsons, LLC; ALBERTSON'S, LLC, a Delaware limited liability company,

Defendants-Appellees.

No.     17-16435

D.C. Nos.     2:15-cv-01945-GMS
2:16-cv-02923-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Fred R. Ruiz appeals pro se from the district court's summary judgment in his consolidated actions alleging Title VII and Americans with Disabilities Act ("ADA") claims related to the termination of his employment as a truck driver.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Ruiz's national origin discrimination and retaliation claims because Ruiz failed to establish a prima facie case of discrimination or retaliation. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062, 1064 (9th Cir. 2002) (setting forth prima facie elements of discrimination and retaliation claims under Title VII).

The district court properly granted summary judgment on Ruiz's hostile work environment claim because Ruiz failed to raise a genuine dispute of material fact as to whether he was subjected to verbal or physical conduct because of his national origin. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (setting forth prima facie requirements for hostile work environment claim under Title VII).

The district court properly granted summary judgment on Ruiz's ADA claims because the claims are time-barred. *See* 42 U.S.C. §§ 12117(a), 2000e-5(e)(1) (stating that under the ADA, an aggrieved party must file a complaint within either 180 or 300 days after an alleged unlawful employment practice has occurred).

We do not consider matters not specifically and distinctly raised and argued in the opening briefs. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir.

17-16435

2009).

**AFFIRMED.**